This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JANICE CARRIERE,**

Petitioner-Appellee,

v.                                                                                    **No. A-1-CA-35354**

**DENNIS CARRIERE,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. Lavelle, District Judge**

Mark A. Filosa
Truth or Consequences, NM

for Appellee

Dennis Carriere
Belen, NM

Pro se Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Respondent Dennis Carriere ("Respondent") seeks to appeal several issues related to the division of marital property in this divorce proceeding. [DS 4] The

decree of dissolution at issue in this appeal was entered by the district court on December 15, 2015, making Respondent's notice of appeal due no later than January 14, 2016. *See* Rule 12-201(A)(2) NMRA (requiring that notices of appeal be filed within thirty days of the judgment or order appealed). The notice of appeal appearing in the record of this case, however, was file stamped on January 30, 2016, and this Court issued a calendar notice proposing to dismiss this appeal as untimely. [RP 127; CN 2-3] In his memorandum in opposition to that disposition, however, Respondent asserted that a notice of appeal was timely filed and suggested that the notice's failure to appear in the record may have resulted from an error by the district court clerk's office. [MIO 2] For support, Respondent's memorandum was accompanied by a statement from his former counsel asserting that the notice of appeal was timely filed on January 14, 2016, and suggesting that the notice of appeal appearing in the record of this case could be a courtesy copy served upon the clerk of the district court that was mistakenly file stamped on January 30, 2016, as if being received for the first time.

{2}     Because Respondent's assertions raised a factual question that had not been addressed by the district court, we issued an order of limited remand instructing the district court to receive evidence on the topic of whether Respondent had filed a timely notice of appeal and "enter an order containing whatever findings of fact are

2

necessary to establish the date that Respondent's notice of appeal was filed." [ORD 3] The district court has since entered an order containing such findings and we now dismiss this appeal as untimely filed.

{3}     The findings entered by the district court take judicial notice of the fact that January 30, 2016, was a Saturday. [Findings 1] As a result, there would have been no staff available to mistakenly file stamp a courtesy notice filed with the clerk's office on that date. [Id.] Instead, the records of the district court indicate that the notice appearing in the record of this case was electronically filed on January 30, 2016, and subsequently processed by the clerk's office on February 2, 2016, which was a Tuesday. [Findings 2] Those findings leave no possibility that the notice of appeal appearing in the record is a mistakenly dated copy served upon the clerk. It thus appears that the notice of appeal in this case was, in fact, filed on January 30, 2016, and not on January 14 of that year. As that notice was due on January 14, 2016, we dismiss this appeal as untimely filed.

{4}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____

**LINDA M. VANZI, Chief Judge**

_____

**STEPHEN G. FRENCH, Judge**